HLD-042 (November  2010)                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3464
_____

GREGORY T. REDMOND,
                                               Appellant
v.

WILLIAM J. MANFREDI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2:10-cv-03543)
District Judge:  Honorable Norma L. Shapiro
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2010
Before:  McKEE, Chief Judge, ALDISERT and WEIS Circuit Judges

(Opinion filed: March 9, 2011)
_____

OPINION
_____

PER CURIAM.

In July 2010, Gregory Redmond filed a pro se civil rights action in the

District Court pursuant to 42 U.S.C. § 1983 against the Honorable William J. Manfredi of

the Philadelphia Court of Common Pleas.  Redmond claimed that in a civil suit he had

brought in the Court of Common Pleas, Judge Manfredi denied Redmond's motion to

proceed in forma pauperis ("IFP") based on the "merits of [his] case," as opposed to an assessment to Redmond's "income status." Redmond argued that this was a violation of his rights under the Fourteenth Amendment of the United States Constitution. The District Court dismissed the complaint as frivolous under 28 U.S.C. § 1915(e)(2). Redmond timely appealed the ruling to this Court.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Because we have granted Redmond IFP status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal in accordance with 28 U.S.C. § 1915(e)(2)(B). We will dismiss an appeal under § 1915(e) if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court properly dismissed Redmond's claim pursuant to § 1915(e)(2), as his claim lacked an arguable basis in fact or law. It is a well-established principle that judges are absolutely immune from suits for damages under § 1983 when they act in a judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). As the District Court correctly observed, nothing in the record indicates that the act Redmond complains of — denying his motion to proceed IFP — was performed by Judge Manfredi outside the scope of his judicial duties. Accordingly, Judge Manfredi is entitled

2

to judicial immunity.  See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768-69 (3d Cir. 2000).

In documents filed in support of his appeal, Redmond argues that Judge Manfredi violated his First Amendment right to free speech, and also asserts that the Federal Tort Claims Act ("FTCA") somehow precludes Judge Manfredi from immunity. Redmond's First Amendment argument simply asserts another underlying basis for his § 1983 claim, which as discussed above is barred by judicial immunity.  Redmond does not explain how the FTCA could affect a judge's immunity when acting in his judicial capacity, and we are not aware of any statutory or case law that would support such an argument.  As a result, Redmond's arguments in support of his appeal do not change the conclusion that Judge Manfredi is entitled to immunity.  If Redmond had wished to directly challenge the denial of his IFP motion, he should have appealed within the Pennsylvania state courts.

Having found no merit to Redmond's appeal, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).